UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERT CANTU JR., Individually and for Others Similarly Situated, ] | CASE NO. 5:15-cv-0468 |
| *Plaintiff*, ] | |
| v. ] | |
| CIRCLE BAR A, INC., ] | COLLECTIVE ACTION |
| *Defendant*. ] | |

# COMPLAINT

### SUMMARY

1. Circle Bar A, Inc. (Circle Bar A) does not pay its sand coordinators overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, Circle Bar A pays them a salary rate for all hours worked, with no overtime pay.

3. Because these workers work far more than 40 hours a week, Robert Cantu Jr. (Cantu) and the other sand coordinators are entitled to recover their unpaid overtime as well as other damages.

### JURISDICTION AND VENUE

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper because many of the relevant facts occurred here.

6. Circle Bar A maintains offices, and engages in operations in, this District and Division.

### PARTIES

7. Hired in late 2012, Cantu worked for Circle Bar A as a sand coordinator. His job duties were typical of a Circle Bar A sand coordinator as described herein. His written consent is attached.

8. Circle Bar A is an oil field service company.

9. Its employees routinely use, handle, sell, and/or work on vehicles, telephones, and hand tools. These items were produced for interstate commerce or actually traveled in interstate commerce.

10. Circle Bar A is covered by the FLSA and has been for each of the last 3 years.

11. Circle Bar A is therefore obligated to pay its non-exempt employees overtime under the FLSA.

12. The "FLSA Class" consists of all Circle Bar A sand coordinators employed within the last 3 years.

## FACTS

13. Circle Bar A is an oil field services company.

14. One of its primary services is the coordination of drilling sand and other materials into the oil fields.

15. The sand is used as a proppant – a solid material designed to keep an induced hydraulic facture open during (or after) a fracturing treatment.[1]

16. Sand is a critical part of the hydraulic fracturing process.

17. Sand coordinators work to ensure the required sand is unloaded from the delivery trucks and loaded into the blender for use as a proppant.

18. For example, sand coordinators assist in getting trucks into position, inspect the sand delivered, hook up hoses to trucks that deliver the sand.

19. Once sand is unloaded into the blender, it is used in the well.

---

[1] A brief overview of the process, and sand's role as a proppant, can be found here: https://www.youtube.com/watch?v=qjP-K1VaI1k

-2-

20. Sand coordinators are an integral part of the hydraulic fracturing crew.

21. The sand coordinators' work is an essential part of the well stimulation production process.

22. No advanced degree is required to become a sand coordinator.

23. In fact, Circle Bar A regularly hires sand coordinators who have only a high-school diploma (or less).

24. Cantu does not have an advanced degree.

25. Being a sand coordinator does not require specialized academic training as a standard prerequisite.

26. To the extent sand coordinators make "decisions," the decisions do not require the exercise of independent discretion and judgment.

27. Instead, sand coordinators apply well-established techniques and procedures.

28. If sand coordinators evaluate sand quality, they do so using established standards.

29. Sand coordinators do not set sand quality standards.

30. Sand coordinators are not permitted to deviate from established sand quality standards.

31. Sand coordinators are blue collar workers.

32. They rely on their hands, physical skills, and energy, to perform manual labor in the oilfield.

33. Sand coordinators work long hours.

34. Indeed, Circle Bar A informs applicants they will regularly work overtime (i.e., more than 40 hours a week).

35. Sand coordinators regularly work more than 80 hours in a week.

36. Cantu generally worked an average of 80 to 90 hours a week.

37. But Circle Bar A does not pay its sand coordinators overtime for hours worked in excess of 40 in a workweek.

38. Instead, Circle Bar A pays sand coordinators a salary rate per week.

39. As a result of Circle Bar A's pay policies, Cantu and the FLSA Class were denied the overtime pay required by state and federal law.

40. Circle Bar A keeps records of the hours its sand coordinators work.

41. These records reflect the fact Cantu and the FLSA Class worked more than 40 hours a week.

42. It also keeps accurate records of the amount of pay its sand coordinators receive.

43. Despite knowing the FLSA's requirements and that its sand coordinators regularly worked more than 40 hours in a workweek, Circle Bar A does not pay them overtime.

## COLLECTIVE ACTION ALLEGATIONS

44. In addition to Cantu, Circle Bar A employed of other sand coordinators within the past 3 years.

45. Circle Bar A paid (and pays) all its sand coordinators a salary rate, with no overtime pay.

46. This is the same salary rate system Circle Bar A applied to Cantu.

47. The FLSA Class members perform the job duties typical of a Circle Bar A sand coordinator.

48. The FLSA Class is similarly situated to Cantu.

49. The FLSA Class should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

50. Cantu retained counsel who is experienced and competent in class action and employment litigation.

51. A collective/class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

### CAUSE OF ACTION – FLSA OVERTIME

52. By failing to pay Cantu and the FLSA Class overtime at 1 and ½ times their regular rates, Circle Bar A violated the FLSA.

53. Circle Bar A owes Cantu and the FLSA Class overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

54. Circle Bar A knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA.

55. Circle Bar A's failure to pay overtime to Cantu and the FLSA Class is willful.

56. Circle Bar A owes Cantu and the FLSA Class an amount equal to all unpaid overtime wages as well as liquidated damages.

57. Cantu and the FLSA Class are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### PRAYER

Cantu prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class;

2. Judgment awarding Cantu and the FLSA Class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By:        /s/ Rex Burch
       _____
       Richard J. (Rex) Burch
       Texas Bar No. 24001807
       rburch@brucknerburch.com
       David Moulton
       Texas Bar No. 24051093
       dmoutlon@brucknerburch.com
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile

**AND**

Michael A. Josephson
State Bar No. 24014780
mjosephson@fibichlaw.com
Andrew Dunlap
State Bar No. 24078444
adunlap@fibichlaw.com
**FIBICH, LEEBRON, COPELAND, BRIGGS &JOSEPHSON**
1150 Bissonnet
Houston, Texas 77005
713-751-0025 – Telephone
713-751-0030 – Facsimile

## CONSENT TO JOIN WAGE CLAIM

Print Name: ROBERT CANTU JR

1. I hereby consent to participate in a collective action lawsuit against **Circle Bar A, Inc.** (and its related entities) to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at BRUCKNER BURCH PLLC as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: *Robert Cantu, Jr.* (DocuSigned by: 5A61412A5B8449B...)

Date Signed: 5/14/2015

Circle Bar A