UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERT CANTU JR., Individually and On Behalf of Others Similarly Situated, | CASE NO: 5:15-cv-0468-XR |
| *Plaintiff*, | COLLECTIVE ACTION |
| v. | JUDGE XAVIER RODRIGUEZ |
| CIRCLE BAR A, INC., | |
| *Defendant*. | |

_____

# PLAINTIFF'S REPLY MEMO IN SUPPORT OF CONDITIONAL CERTIFICATION
_____

Respectfully submitted,

**BRUCKNER BURCH PLLC**
   Richard J. (Rex) Burch
   Texas Bar No. 24001807
   Matthew S. Parmet
   Texas Bar No. 24069719
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:   (713) 877-8788
Telecopier:   (713) 877-8065
rburch@brucknerburch.com
mparmet@brucknerburch.com

**FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON**
   Michael A. Josephson
   Texas Bar No. 24014780
   Andrew W. Dunlap
   Texas Bar No. 24078444
1150 Bissonnet
Houston, Texas 77005
Telephone:   (713) 751-0025
Telecopier:   (713) 751-0030
mjosephson@fibichlaw.com
adunlap@fibichlaw.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

A.   **SUMMARY**

Circle Bar A's Sand Coordinators were uniformly paid a salary and had identical job duties and responsibilities. And the Sand Coordinator declarations submitted with Circle Bar A's Response only confirm these facts.

FLSA plaintiffs may be denied the "right to proceed collectively **only if** the action arises from circumstances purely personal to the plaintiff[s], and not from any generally applicable rule, policy or practice." *West v. Lowes Homes Centers, Inc.*, No. CIV. 6:09-1310, 2010 WL 5582941, at *3 (W.D. La. Dec. 16, 2010) (emphasis added), *adopted*, No. CIV. 6:09-1310, 2011 WL 126908 (W.D. La. Jan. 14, 2011). Under this lenient standard, conditional certification is "typically" granted. *Id.* at *5 (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995)); *see also Evans v. Lowe's Home Centers, Inc.,* No. 3:CV-03-0438, 2004 WL 6039927, at *2 (M.D. Pa. Jun. 4, 2011) (*citing De Asensio v. Tyson Foods, Inc.,* 130 F.Supp.2d 660, 662 (E.D. Pa. 2001) ("[T]he first step results in an automatic conditional certification because of the relatively light standard and minimal evidence.").

Importantly, at this stage all that is being determined is whether the Court should authorize "the sending of court-approved written notice to employees[.]" *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013). It is at the second stage, "after discovery is largely complete," and "the court has much more information on which to base its decision," that the Court "makes a factual determination on the similarly situated question[,]" including whether alleged individualized defenses preclude collective treatment. *Mooney*, 54 F.3d at 1213 n.7, 1214.

Because the Sand Coordinators are similarly situated with respect to their pay and job duties, Plaintiffs' Motion should be granted.

B.   **ARGUMENT & AUTHORITIES**

1.   **Evidence of other opt-ins is not required at the "notice" stage.**

This case involves uniform pay policies and job duties that Circle Bar A applied to all Sand

Coordinators. Nonetheless, Circle Bar A erroneously claims that conditional certification is improper because only one individual has brought this collective action and only one other has opted-in. This same old argument has been routinely rejected by courts in this Circuit on several grounds, including: (1) it is not a statutory requirement; (2) it has not been adopted by higher courts as a class prerequisite; (3) it is inconsistent with the purposes of the FLSA; and (4) it represents a "numerosity" requirement for class actions under Rule 23, rather than a conditional certification issue. *See Villareal v. St. Luke's Episcopal Hosp.*, 751 F.Supp.2d 902, 915-16 (S.D. Tex. 2010). Along these lines, Courts in this District (and elsewhere) frequently grant certification based on the filing of two or less plaintiffs, even where there have been few—if any—opt-ins. *See Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 513 (W.D. Tex. 2015); *see also Walker v. Honghua Am., LLC*, 870 F.Supp.2d 462, 471-72 (S.D. Tex. 2012) (collecting cases); *Barajas v. Acosta*, No. H-11-3862, 2012 WL 1952261, at *3 (S.D. Tex. May 30, 2012) (same).

## 2. Circle Bar A's own evidence confirms that all Sand Coordinators were similarly situated.

Cantu and Wright's declarations established the similarities in job duties and pay structure between all Circle Bar A Sand Coordinators. These similarities in job duties and pay structure are only confirmed by the declarations submitted by Circle Bar A, including that all Sand Coordinators: (a) share job duties for directing truck drivers and monitoring the progress of sand deliveries;[1] (b) perform labor-intensive work, including hooking up hoses and sweeping tanks;[2] (c) received pre-set instructions regarding the quantity and type of sand that would be delivered, along with the delivery schedule;[3] (d)

---

[1] *See* Pl.'s Decls. [Docs. 23-2, -3], at ¶ 8; *and* Def.'s Decls. [Docs. 25-1 (Exs. A, B, C, D)], at ¶ 3.
[2] *See* Pl.'s Decls. [Docs. 23-2, -3], at ¶ 10; *and* Def.'s Decls. [Docs. 25-1 (Exs. A, B, C, D)], at ¶ 10.
[3] *See* Pl.'s Decls. [Docs. 23-2, -3], at ¶ 5; *and* Def.'s Decls. [Docs. 25-1 (Exs. A, B, C, D)], at ¶ 5.

worked well in excess of 40 hours per week;[4] and (e) were paid a salary without overtime.[5] Circle Bar A leaves several other assertions regarding the similarities among Sand Coordinators uncontested, for example: (a) that they wore heavy-duty protective equipment for their work;[6] and (b) that the truck drivers were not Circle Bar A employees.[7]

Further, the defenses that Circle Bar A asserts regarding job duties go to **categorical** exemptions. For example, Circle Bar A claims that the job duties of Sand Coordinators were not sufficiently physical in nature, that they had supervisory responsibilities. Def.'s Decls. [Docs. 25-1 (Exs. A, B, C, D)], at ¶¶ 5-10. Thus, "the exemption claims made by [Circle Bar A] appear to be aimed more at the issue of whether, because of the variety of duties they perform, [Sand Coordinators] **generally** are exempt from FLSA protection, rather than whether **individual** [Sand Coordinators] are different from one another." *Davida v. Newpark Drilling Fluids, LLC*, No. SA-14-CA-552-HJB, at *7 n.2 (W.D. Tex. Jan. 6, 2015) (emphasis added). Under the lenient standard applicable at this stage, the record shows all Sand Coordinators are sufficiently similar to warrant the issuance of notice. *Id.*

3. **Circle Bar A's fact-based defenses (including exemption defenses) are inapplicable at this stage (AND raise class-wide issues nonetheless).**

Circle Bar A argues that the resolution of individualized differences in Sand Coordinators' job duties should prevent certification. Doc. 25, at *6-7. But its argument is made by pointing to Circle Bar A's own four identical declarations. Surely if Circle Bar A's own witnesses have produced identical testimony regarding their job duties, Circle Bar A cannot offer an argument that even its own witnesses are not similarly situated to one another. *See generally* Def.'s Decls. [Docs. 25-1 (Exs. A, B, C, D)].

---

[4] *See* Pl.'s Decls. [Docs. 23-2, -3], at ¶ 15; *and* Def.'s Decls. [Docs. 25-1 (Exs. A, B, C, D)], at ¶ 10.
[5] *See* Pl.'s Decls. [Docs. 23-2, -3], at ¶ 15; *and* Def.'s Decls. [Docs. 25-1 (Exs. A, B, C, D)], at ¶ 1.
[6] *See* Pl.'s Decls. [Docs. 23-2, -3], at ¶ 10.
[7] *See* Pl.'s Decls. [Docs. 23-2, -3], at ¶ 4.

Moreover, "Courts in this district and elsewhere consistently hold that such potential defenses and individualized inquiries … should not prevent conditional certification at the notice stage and are more appropriately addressed through a decertification motion." *Walker*, 870 F. Supp. 2d 462, 471 (internal citation omitted). And even if this Court was inclined to consider these factual issues at this stage (though it should not), Circle Bar A's proposed exemption defenses raise a host of **common questions amenable to class-wide resolution**.

Circle Bar A asks the Court to determine—prior to discovery and on the basis of a hypothetical class—that its assertion of the "white collar" exemptions precludes class-wide determination of Sand Coordinators' status as non-exempt employees. This argument fails because none of the "white collar" exemptions apply to "blue collar" workers like the Sand Coordinators. *See*, *e.g.*, 29 C.F.R. § 541.3(a).

Circle Bar A's executive and administrative exemption defenses also present questions common to the class. For example, to qualify as exempt under the administrative exemption, the work performed by Sand Coordinators must be "directly related to the management or general business operations of the employer or the employer's customers[.]" 29 C.F.R. § 541.200(a)(2). Because the "directly related" prong of this defense focuses on relationship to the employer's operations (or those of its customers), it presents a common question capable of class-wide resolution. *See*, *e.g.*, *Heffelfinger v. Elec. Data Sys. Corp.*, 492 F. App'x 710, 714 (9th Cir. 2012). Likewise, common job requirements assigned to each class of employees make it possible to apply the "short test" on a class-wide basis regarding the applicability of the executive exemption. 29 C.F.R. § 541.103; *see, e.g.*, *Pendlebury v. Starbucks Coffee Co.*, 518 F.Supp.2d 1345, 1349-50 (S.D. Fla. 2007).

At any rate, "consideration of these factual issues is more appropriately raised on a motion to decertify the collective action once full discovery has been conducted." *E.g.*, *West v. Lowes Homes Centers, Inc.*, No. CIV. 6:09-1310, 2010 WL 5582941, at *9 (W.D. La. Dec. 16, 2010).

C.  **CONCLUSION**

Plaintiffs have more than met their minimal burden to show that there is a reasonable basis for their allegations, that the putative class members herein are similarly situated with regards to the claims and defenses asserted, and that the members of the putative class desire to opt-in to this lawsuit. Plaintiffs' Motion for Conditional Certification and for Notice to Putative Class Members should therefore be granted.

Respectfully Submitted,

**BRUCKNER BURCH PLLC**

By: ***/s/ Matthew S. Parmet***
      _____
      Richard J. (Rex) Burch
      Texas Bar No. 24001807
      Matthew S. Parmet
      Texas Bar No. 24069719
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:   (713) 877-8788
Telecopier:   (713) 877-8065
rburch@brucknerburch.com
mparmet@brucknerburch.com

Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON**
1150 Bissonnet
Houston, Texas 77005
Telephone:   (713) 751-0025
Telecopier:   (713) 751-0030
mjosephson@fibichlaw.com
adunlap@fibichlaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

On January 21, 2016, I served a copy of this document on all registered parties and/or their counsel of record, via the Court's CM/ECF system.

*/s/ Matthew S. Parmet*
_____
Matthew S. Parmet