# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERT CANTU, JR., ET. AL. § | |
| § | |
| *Plaintiffs*, § | |
| § | Civil Action No. 5:15-CV-468-XR |
| v. § | |
| § | |
| CIRCLR BAR A, INC. § | |
| § | |
| *Defendant*. § | |

## ORDER

On this date, the Court considered Plaintiffs' motion for conditional certification (Docket No. 23), Defendant's motion to strike (Docket No. 26), Plaintiffs' motion to exceed page limitations (Docket No. 27)[1], and the various responses and reply.

## I.
## Background

Plaintiffs bring this suit as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. Robert Cantu, Jr. was employed as a sand coordinator. He alleges that he and the other sand coordinators were paid a fixed salary rate for all hours worked, with no overtime pay. He alleges that he and the others were employed in a non-exempt position and that Defendant's payroll practice violated the FLSA.

Defendant maintains that the position of sand coordinator is properly classified as an exempt position for purposes of the FLSA. Defendant maintains that Plaintiff and other sand

---

[1] Plaintiffs' motion to exceed page limitations (Docket No. 27) is granted.

1

coordinators are properly classified as exempt under the executive and/or administrative exemption. Defendant opposes conditional certification and also argues (apparently in the alternative) that whether an individual is exempt will require an individual determination. Further, Defendant argues that Cantu has failed to establish that other putative class members wish to join this action. This lawsuit was filed on June 4, 2015. Apparently only two individuals have filed consents to join. Attached to Defendant's response in opposition to certification there are affidavits from six former sand coordinators who state that they performed various managerial and supervisory tasks and they do not wish to join this lawsuit.

**Analysis**

This Court has routinely adopted the lenient standard for certification known as the *Lusardi* test. However, even under this lenient standard, a plaintiff bears the burden of making a preliminary factual showing that a similarly situated group of potential plaintiffs exists. To establish this, the plaintiff must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit. *See Shaffer v. M-I, LLC*, No. CV H-14-2966, 2015 WL 7313415, at *3 (S.D. Tex. Nov. 19, 2015)(citing various cases). Even assuming that Cantu has met the first element, there exist material questions of fact as to whether other sand coordinators performed different duties than Cantu (e.g. enforced company safety policies, removed drivers who failed to abide by company policies, and otherwise supervised operations), such that the other sand coordinators may not be similarly situated to Cantu.[2] Finally, even

---

[2] Although Plaintiff in his reply argues that the affidavits presented by Defendant confirms that that Plaintiff and the other sand coordinators had similar job duties, Plaintiff ignores that these other sand coordinators identify specific supervisory or managerial job duties that they performed.

though Cantu and the other individual who has joined this lawsuit claim that they have had conversations with their former co-workers, they merely provide their subjective opinion that they "think others would also join" this lawsuit.[3] As stated above, however, to date no one else has yet joined.

## Conclusion

For the reasons stated above, Cantu's motion for conditional certification is DENIED WITHOUT PREJUDICE. Cantu's motion is denied without prejudice to allow resubmission if he is later able to submit more persuasive information showing that other similarly situated employees want to join this litigation. Defendant's motion to strike is dismissed as moot.

SIGNED this 25th day of January, 2016.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff correctly argues that the court is not required to determine whether Plaintiff has alleged sufficient information that aggrieved individuals are actually willing to opt in to this lawsuit. *See Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 916 (S.D. Tex. 2010) ("Liberally construing the FLSA to effect its purposes, the court finds that it is enough for the plaintiff to present evidence that there may be other aggrieved individuals to whom a class action notice should be sent, without requiring evidence that those individuals actually intend to join the lawsuit."). Nevertheless, given the fact dispute created by the opposing affidavits regarding whether the sand coordinators performed supervisory duties and the limited number (two) of plaintiffs currently interested in pursuing this case, it appears the more pragmatic approach at this time is to deny the motion for certification without prejudice at this time and allow the Plaintiff an opportunity to further develop the merits of the two individual cases and then allow the filing of a motion for certification should the facts determine such a motion would be meritorious.