# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERT CANTU JR., Individually and On Behalf of Others Similarly Situated, | CASE NO: 5:15-cv-0468-XR<br>COLLECTIVE ACTION |
| v. | JUDGE XAVIER RODRIGUEZ |
| CIRCLE BAR A, INC., | |

_____

## PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT
_____

Respectfully submitted,

**BRUCKNER BURCH PLLC**
   Richard J. (Rex) Burch
   Texas Bar No. 24001807
   Matthew S. Parmet
   Texas Bar No. 24069719
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:  (713) 877-8788
Telecopier:  (713) 877-8065
rburch@brucknerburch.com
mparmet@brucknerburch.com

**FIBICH, LEEBRON, COPELAND,**
   **BRIGGS & JOSEPHSON**
   Michael A. Josephson
   Texas Bar No. 24014780
   Andrew W. Dunlap
   Texas Bar No. 24078444
1150 Bissonnet
Houston, Texas 77005
Telephone:  (713) 751-0025
Telecopier:  (713) 751-0030
mjosephson@fibichlaw.com
adunlap@fibichlaw.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

**A.     SUMMARY**

The Parties settled this case on April 28, 2016. Ex. A, Email Corr. (the "Settlement Agreement"). The Settlement Agreement provides that Plaintiffs release claims brought in this matter and that the Parties would execute a more formal release. *Id.* To avoid any misunderstanding, Plaintiffs' Counsel specified that any release "will be as to wage and hour claims only." *Id.*

Since then, the Parties have exchanged proposed formal releases. Circle Bar A now insists upon a new, material term requiring Plaintiffs to waive prospective retaliation claims in the form of a "no re-hire" / "no re-employment" provision.

A prohibition on re-hire is patently contrary to the FLSA, Texas law, and case precedent. Nor was it expressly or impliedly part of the Parties' Settlement Agreement. For these reasons, it cannot be a material provision to the Parties' formal release. The original agreement should be enforced.

**B.     FACTUAL BACKGROUND**

Cantu sued Circle Bar A for its failure to pay Sand Coordinators overtime wages required under FLSA section 16(b).[1] Since this case was filed, 9 other Circle Bar A Sand Coordinators have joined.

The Parties attended mediation on April 18, 2016 with Bill Lemons, but were unable to reach an agreement at that time. During the following week, the Parties continued negotiations (with the assistance of Mr. Lemons), until reaching agreement on April 28. Ex. A, Email Corr. The initial agreement reached by the Parties anticipated a formal release. *See id.*

Circle Bar A originally proposed:

> In exchange for the referenced payment, your clients agree to release and dismiss with prejudice all claims, actual, accrued, pending, potential or otherwise, **they may have**

---

[1] Cantu did not, and no Plaintiffs have brought or raised at any time, any claims arising under the FLSA's anti-retaliation provision (section 15(c)).

>against Defendant and its respective parent companies, subsidiaries, suppliers, brokers, former and current owners, employees, agents, insurers and representatives **in connection with this matter**. The parties will agree to maintain the settlement as confidential, and that your clients' claims are disputed, including disputes relating to hours worked, pay rate and the defenses asserted. The parties agree that no party will claim to be a prevailing party. All attorney fees, costs, liens (of any nature) and expenses will come from this settlement amount. Each party is responsible for its own court costs. Defendant will draft a release with indemnity, hold harmless and defense language to protect itself from any future involvement or exposure by your clients.

*Id.* (emphasis added). In response, Plaintiff's Counsel added "just to be clear, that [release] will be as to **wage and hour claims only**." *Id.* (emphasis added).

Since then, the Parties have exchanged proposed releases. Circle Bar A initial formal proposal called for a wholly different release provision for past and future claims, reading:

>Plaintiffs … do hereby RELEASE AND FOREVER DISCHARGE Circle Bar A, Inc., and all its parent companies, subsidiaries, affiliated companies, suppliers, brokers, and former and current owners, directors, officers, employees, agents, insurers and representatives, and its assigns and each of them, including but not limited to Waylon Aldrich and John Yow (all the foregoing hereinafter referred to as "Released Parties"), from all liabilities, actions, claims, demands, damages, expenses, costs, attorneys' fees and losses whether known or unknown, present **or future**, fully developed or otherwise, actual or contingent, relating to, or arising from, or in connection with Plaintiffs' hours worked, compensation/wages allegedly owed, alleged violations of the Fair Labor Standards Act, attorney's fees, all legal expenses, all costs, **any right to employment, reinstatement and/or future work,** and any and all expenses, damages, costs or losses of any kind which Plaintiffs may have **now or that may arise in the future against** Released Parties.

(emphasis added).

Although Circle Bar A's proposal substantially expanded upon the release laid out in the initial agreement, Plaintiffs accepted the majority of the additions, proposing only the following changes:

>Plaintiffs … do hereby RELEASE AND FOREVER DISCHARGE Circle Bar A, Inc., and all its parent companies, subsidiaries, affiliated companies, suppliers, brokers, and former and current owners, directors, officers, employees, agents, insurers and representatives, and its assigns and each of them, including but not limited to Waylon Aldrich and John Yow (all the foregoing hereinafter referred to as "Released Parties"), from all liabilities, actions, claims, demands, damages, expenses, costs, attorneys' fees and losses whether known or unknown, present ~~or future~~, fully developed or otherwise, actual or contingent, relating to, or arising from, or in connection with Plaintiffs' hours worked, compensation/wages allegedly owed, alleged violations of the Fair Labor Standards Act, attorney's fees, all legal expenses, all costs, ~~any right to~~

~~employment, reinstatement and/or future work,~~ and any and all expenses, damages, costs or losses of any kind which Plaintiffs may have ~~now or that may arise in the future~~ against Released Parties <u>related to wage and hour claims ("Released Claims")</u>.

(textual additions underlined, removals stricken).

Circle Bar A continues to insist upon Plaintiffs' release of retaliation claims. Plaintiffs therefore seek Court relief to enforce their agreement, which had nothing to do with prospective retaliation or re-employment claims.

### C.    ARGUMENT & AUTHORITIES

**1. A no re-hire clause is not a material term of the agreement.**

A no re-hire clause is simply not a material term of the Parties' Settlement Agreement. Ex. A. Circle Bar A refuses to comply with the Settlement Agreement unless Plaintiffs release claims that were never in dispute in this lawsuit for unpaid overtime. *Id.*

Plaintiffs anticipate that Circle Bar A may point to their initial provision that indicated a formal release was pending: "Defendant will draft a release with indemnity, hold harmless and defense language to **protect itself from any future involvement or exposure** by your clients." Ex. A. But this is not persuasive. One of the chief purposes of a release is to protect a defendant from future litigation involving the same claims. The provision is entirely consistent with this reading. And the same paragraph, drafted by Circle Bar A, specifically states that it involves claims "in connection with this matter." Circle Bar A can claim no confusion because Plaintiffs' response specifically stated that "just to be clear, that [release] will be as to **wage and hour claims only**." *Id.*  The agreement to release "wage and hour claims only" makes clear that the Parties did not agree to the release of (future) retaliation claims. Moreover, the first sentence specifies that Plaintiffs will release "all claims … **they**

**may have**"—that is, the rights to claims which Plaintiffs currently possess—not those that may occur or ripen in the future.[2]

Circle Bar A's Counsel is a sophisticated law firm that is well-versed in FLSA and case precedent and that has represented numerous FLSA employers in this District and the Fifth Circuit. Yet they raised no further questions or comments. And they agreed to Plaintiffs' restriction to a wage-and-hour release.

But now Circle Bar A wants more. It demands Plaintiffs **release additional claims that could not have even been contemplated** by their underlying Settlement Agreement, because (a) they had not been brought by Plaintiffs in this lawsuit, (b) have not even occurred (to Plaintiff's Counsel's current knowledge), and (c) are not lawful under FLSA, Texas, and other statutory law and caselaw.

In short, Circle Bar A cannot credibly claim that the no rehire clause is a material term necessary to effectuate the Settlement Agreement. The Agreement should be enforced, and Circle Bar A should not be allowed to slip in additional terms.

2. **The FLSA does not allow general releases or other language that would deter valid claims.**

Courts examining FLSA settlements have consistently rejected broad release language. *E.g.*, *Moreno v. Regions Bank*, 729 F.Supp.2d 1346, 1351 (M.D. Fla. 2010) ("Although inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA.") Such broad releases rejected by Courts have expressly included both prospective and retaliatory claims (as a refusal to rehire would be). *Kraus v. PA*

---

[2] As may have arguably be included if, for example, the Settlement Agreement had specified "any claims … that may accrue."

*Fit II, LLC*, No. CV 15-4180, 2016 WL 125270, at *13 (E.D. Pa. Jan. 11, 2016); *see also Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982) (providing that an FLSA settlement should "reflect a reasonable compromise over issues … that are actually in dispute"); *Vasquez v. Coast Valley Roofing, Inc.*, 607 F.Supp.2d 1114, 1126 (E.D. Cal. 2009) (finding settlement fair and reasonable while noting, "These release claims appropriately track the breadth of Plaintiffs' allegations in the action and the settlement does not release unrelated claims that class members may have against defendants.").

Courts are particularly vigilant when an FLSA claim, as here, is a compromise of the plaintiff's claims and does not compensate the plaintiff above and beyond backwages owed. *See Buntin v. Sq. Ft. Mgmt. Co., LLC*, No 6:14-cv-1394-ORL-37, 2015 WL 3407866, at *2 (M.D. Fla. May 27, 2015); *Cuchara v. Gaitronics Corp*, 129 F.Appx. 728, 731 (3d Cir. 2005). "Although inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010). The Middle District of Florida rationalized:

> In sum, a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer.… **The employer who obtains a pervasive release receives either nothing (if no claim accrues) or a windfall at the expense of the unlucky employee. In either instance, the employee bears the risk of loss, and the employer always wins—a result that is inequitable and unfair in the circumstance**. The employer's attempt to "play with house money" fails judicial scrutiny.

*Id.* (emphasis added).

Courts reviewing FLSA settlements have increasingly pushed back on both general releases and various restrictive release provisions. Rejected provisions have included: " (1) 'a battery of highly restrictive confidentiality provisions … in strong tension with the remedial purposes of the FLSA;' (2) an overbroad release that would 'waive practically any possible claim against the defendants,

including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues;' [and (3) a pledge by plaintiff's attorney not to 'represent any person bringing similar claims against Defendants.[3]'" *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), *cert denied*, 136 S.Ct. 824 (2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F.Supp.3d 170, 2015 WL 1455689, at *1-7 (S.D.N.Y. 2015); *Guareno v. Vincent Perito, Inc.*, No. 14-cv-1635, 2014 WL 4953746, at *206 (S.D.N.Y. Sept. 26, 2014)).

Such broad releases, presumably waiving retaliatory action like Circle Bar A seeks freedom to commit here, have long been impermissible under FLSA settlements.

3.  **No re-hire clauses are prohibited by the FLSA.**

Specific no re-hire provisions have also been rejected by courts examining FLSA releases.

Most recently, the Southern District of New York rejected an FLSA settlement because it "prohibit[ed] Plaintiffs from obtaining future employment from Defendants." *Reyes v. Hip at Murray St., LLC*, No. 1:15-cv-238-LGS, Order [Doc. 60], at *1 (S.D.N.Y. Jan. 6, 2016). The court explained that this was "a highly restrictive provision in strong tension with the remedial purposes of the [FLSA]." *Id.* (internal quotations omitted).

The EEOC has similarly weighed in against no re-hire clauses. Tom Gilroy, *EEOC Opposes Settlement Clauses That Bar Re-Application and Rehiring*, BNA DAILY LAB. REP., Apr. 4, 2008, at C1 (stating that "the agency opposes as a matter of policy both 'no-hire' and 'no-re-apply' covenants" as such

---

[3] A restriction on the right to practice as part of the settlement of a lawsuit is not only improper under the FLSA, but under the American Bar Association Model Rules of Professional Conduct and the Texas Professional Rules, both of which make it a violation not only make such an agreement, but also to even offer one. ABA, Model R. of Prof. Conduct, R 5.6; ABA, Model Code of Prof. Responsibility, D.R. 2-108(b); State Bar of Texas, Tex. Discip. R. of Prof. Conduct, R. 5.06; *see also Tex. Comm. on Prof. Ethics, Op. 505*, 58 Tex. B.J. 719 (1995) ("A settlement agreement which exceeds current limitations placed on solicitation would be a limitation on the practice of law and therefore a violation of Rule 5.06(b) of the Texas Disciplinary Rules of Professional Conduct.").

clauses "are not good public policy, since they could be viewed almost as retaliation for coming forward for a discrimination claim").

So if a specific no re-hire clause in an **agreed** settlement would be unenforceable in an FLSA, then it could not be a material term and shouldn't be included here.

4. **The Parties to an FLSA settlement cannot agree to settlement of future claims.**

Besides the fact that no-rehire clause are in themselves impermissible, employees settling an FLSA case cannot settle or waive future claims. *See U.S. v. Allegheny-Ludlum Indus., Inc.*, 517 F.2d 826, 856 (5th Cir. 1975) (specifying that an employee's release of prospective rights (in similar context of employment discrimination case) would be an "unlawful procedure," and approving a settlement that allowed employees to seek relief for prospective violations related to employees' past complaints); *see also Vasquez v. Coast Valley Roofing, Inc.*, 670 F.Supp.2d 1114, 1126 (E.D. Cal. 2009) (approving release that "track[ed] the breadth of Plaintiffs' allegations").

The underlying policy reason is simple: the Court must be able to assure the fairness of a proposed FLSA compromise, but cannot do so without knowledge of the value of the release claims. *Moreno v. Regions Bank*, 729 F.Supp.2d 1346, 1352 (M.D. Fla. 2010) ("Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate… A compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny.").

5. **No reemployment clauses are prohibited by Texas law.**

Circle Bar A's prohibition on rehiring / reapplying is a facial violation of Texas law.

The Texas Business & Commerce Code specifies "Every contract, combination, or conspiracy in restraint of trade or commerce is unlawful." TEX. BUS. & COMM. CODE § 15.05. Reviewing a substantially similar section of the California Labor Code, the Ninth Circuit recently questioned a settlement agreement provision restricting re-hire. *Golden v. California Emergency Physicians Med. Grp.*,

782 F.3d 1083 (9th Cir. 2015). The Ninth Circuit found that it was an abuse of discretion for the district court to have excluded the settlement agreement from consideration under the relevant California Labor Code section merely because it involved re-hiring rather than a traditional non-compete clause. *Id.* at 1089. In remanding for further consideration, the Ninth Circuit advised:

> [S]ection 16600 of the California Business and Professions Code provides that 'every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void.' The statute does not specifically target covenants not to compete between employees and their employers: the text does not include any form of the word 'compete' or 'competition,' and does not even implicitly constrain itself to contracts concerning employment. Rather, section 16600 voids '**every** contract" that 'restrain[s]' someone 'from engaging in a lawful profession, trade, or business.'

*Id.* at 1090.

Circle Bar A's no rehire clause is not only in contravention of the FLSA and caselaw, but runs contrary to the anti-restraint provisions of the Texas Business & Commerce Code. Its illegality under Texas law makes it dead on arrival.

D. **CONCLUSION**

The Parties' Settlement Agreement is clear. The Parties agreed to settle and release Plaintiffs' wage-and-hour claims made the basis of this lawsuit. They did not agree to give Circle Bar A license to retaliate in violation of the FLSA and Texas law.

**Circle Bar A is simply attempting to tack the release of additional claims onto this settlement without providing Plaintiffs any compensation**. Circle Bar A seeks to have Plaintiffs' (and the Court's) blessing to retaliate against Plaintiffs for free. The Court shouldn't stand for it. The Parties' original agreement should be enforced.

Respectfully Submitted,

**BRUCKNER BURCH PLLC**

By: ___*/s/ Matthew S. Parmet*___
      Richard J. (Rex) Burch
      Texas Bar No. 24001807
      Matthew S. Parmet
      Texas Bar No. 24069719
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:    (713) 877-8788
Telecopier:    (713) 877-8065
rburch@brucknerburch.com
mparmet@brucknerburch.com


Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**FIBICH, LEEBRON, COPELAND,**
    **BRIGGS & JOSEPHSON**
1150 Bissonnet
Houston, Texas 77005
Telephone:    (713) 751-0025
Telecopier:    (713) 751-0030
mjosephson@fibichlaw.com
adunlap@fibichlaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

On May 20, 2016, I served a copy of this document on all registered parties and/or their counsel of record, via the Court's CM/ECF system.

*/s/ Matthew S. Parmet*
_____
Matthew S. Parmet

## CERTIFICATE OF CONFERENCE

Prior to the filing of this Motion, Plaintiff's Counsel conferred with Circle Bar A's Counsel, but Circle Bar A would not agree to a release in accordance with the Settlement Agreement.

*/s/ Matthew S. Parmet*
_____
Matthew S. Parmet