UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT CANTU, JR., Individually and | § | |
| For Others Similarly Situated | § | |
| *PLAINTIFF* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:15-cv-0468 |
| | § | |
| | § | |
| CIRCLE BAR A., INC. | § | |
| *DEFENDANT* | § | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND REQUEST FOR HEARING

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Now comes Defendant, Circle Bar A, Inc., to file this Response to Plaintiff's Motion to Enforce Settlement Agreement and Request for Hearing, and in support shows the Court that language forbidding the Plaintiff to apply for, claim and/or seek reinstatement of employment with Circle Bar A, Inc. is in the best interest of the parties and reasonable, especially in light of the fact that these Plaintiffs sued Circle Bar A for employment related issues:

1. Defendant requests a hearing on Plaintiff's Motion.

2. On April 18, 2016, the parties attended mediation. Mediation was unsuccessful but the parties continued both verbal and written settlement negotiations. The allegations and issues in this case are highly contested. Defendant ultimately offered to settle for an amount that ensured Defendant would be relieved of any future involvement with Plaintiffs. Defendant believes the settlement amount is more than the Plaintiffs would have otherwise recovered in the event the case was tried.

3. Defendant drafted a settlement release with the understanding that the parties had agreed to a release of all claims related to the FLSA, wage and hour claims and a provision barring

future claims.  The draft settlement agreement included a standard provision under which each Plaintiff agrees to waive any claim and/or attempt to seek employment or reinstatement to work for Circle Bar A.

4.      In an attempt to resolve this dispute, Defendant offered that the parties jointly submit the issue to the Court to resolve; however, Plaintiffs insisted on filing a motion to enforce the settlement agreement.   While Defendant continued working toward alternative language acceptable to the Plaintiffs, Plaintiffs filed their motion to enforce the settlement agreement. Defendant even offered the following revised language of the initially proposed settlement agreement, but the attempted revision was rejected outright and without any attempt by the Plaintiffs to compromise:

> Plaintiffs . . . do hereby RELEASE AND FOREVER DISCHARGE Circle Bar A, Inc., and all its parent companies, subsidiaries, affiliated companies, suppliers, brokers, and former and current owners, directors, officers, employees, agents, insurers and representatives, and its assigns and each of them, including but not limited to Waylon Aldrich and John Yow (all the foregoing hereinafter referred to as "Released Parties"), from all wage and hour liabilities, actions, claims, demands, damages, expenses, costs, attorneys' fees and losses whether known or unknown, present, fully developed or otherwise, actual or contingent, relating to, or arising from, or in connection with Plaintiffs' hours worked, unpaid wages, unpaid benefits, compensation/wages allegedly owed, alleged violations of the Fair Labor Standards Act, 29 U.S.C. §201 et. seq., and all amendments thereof and thereto and regulatory interpretations and enforcements thereof, attorney's fees, all expenses, all costs, losses, liquidated damages, and any and all expenses, damages, costs or losses of any kind which Plaintiffs may have against Released Parties related to wage and hour claims ("Released Claims"). Accordingly, by signing this Agreement, Plaintiffs understand that they hereby forever waive the Released Claims against the Released Parties.  Plaintiffs agree to not seek reemployment with Circle Bar A.

## ARGUMENT

5.      Like many other employers, Defendant's only desire in negotiating the settlement agreement is to buy peace; to resolve Plaintiffs' claims and to avoid any future involvement with the Plaintiffs that could create additional liability.  Contrary to Plaintiffs' claims, Defendant's

settlement offer is not an act of retaliation and is an enforceable provision under the circumstances.

6.      Courts have long recognized the logic of a no future involvement provision when an employer is settling a lawsuit filed by an employee.  A no future involvement provision is a typical *negotiated* term in a settlement agreement when settling an employment lawsuit.  *Tall v. MV Transp.*, 2015 U.S. Dist. LEXIS 7340 (D. Md. Jan. 22, 2015).  For example: When a university agreed to settle discrimination claims raised by two employees; they objected to a provision barring re-employment. The court rejected that viewpoint, writing: "Absent such a provision, the settlement judgment would leave defendants open to a claim of retaliatory discrimination if plaintiffs reapplied and were rejected.  *Salerno v. City University of New York*, #99 Civ. 11151, 2005 WL 578944, 2005 U.S. Dist. Lexis 3825, 95 FEP Cases (BNA) 864 (S.D.N.Y.).  The Tenth Circuit upheld a no-reemployment settlement provision as non-retaliatory, writing that holding a person to the terms of a "fairly negotiated settlement agreement is not a harm."  *Jencks v. Modern Woodmen of America*, #05-5130, 479 F.3d 1261, at 1265-66 (10th Cir. 2007). A no-rehire agreement is not releasing a past wrong; such a provision simply relieves the employer of any potential obligation to consider plaintiff's future employment applications.

7.      While Defendant is aware that some courts have rejected a "no-rehire" provision in the FLSA context, other courts have approved such a provision. *See e.g.,  Samaroo v. Deluxe Delivery Sys.*, 2016 U.S. Dist. LEXIS 34742, *n3,*14 (S.D.N.Y. Mar. 17, 2016) (approving settlement agreement in FLSA class action with provision claimant not seek work or employment with defendants in the future); *Weeks v. Rabella Hospitality, Inc.*, 2015 U.S. Dist. LEXIS 123601, *3, 6 (M.D. Fla. Sept. 9, 2015) (approving FLSA settlement with provision where plaintiff has agreed not to apply for future employment by, or provide services to

Defendants); *True v. Tintari Riebe*, 1995 U.S. Dist. LEXIS 19836, *16, 20 (N.D. Ill. Dec. 22, 1995) (approving settlement in FLSA action with agreement not to seek reemployment in the future).

8.      In considering whether a no-rehire provision is fair and reasonable, some courts consider the impact of the provision on the plaintiffs' future employment.   Defendant is a local company; it is not a significant player in the oil and gas industry. In 2015, Defendant eliminated the sand coordinating position, the position previously held by the plaintiffs that is the subject of this lawsuit. See the attached Declaration of Charles Metzger – Exhibit "A" (previously produced as Exhibit B to Defendant's Motion to Strike and Objections to Plaintiff's Proposed Procedure, Supporting Evidence, Discovery Requests, Notice and Consent Form Relating to Plaintiff's Motion for Conditional Certification Dkt #26). The impact of a no-reemployment provision is insignificant on plaintiffs' future career opportunities.   *Flores v. Food Exrpess Rego Park, Inc.*, 2016 U.S. Dist. LEXIS 11351, *5-6 (E.D.N.Y. Feb. 1, 2016) (approving no future employment clause where defendants had only one restaurant and the waiver's impact on plaintiff's future career opportunities is not substantial).

9.      A no-hire provision is not an agreement in restraint of trade and does not violate any Texas statute.   Plaintiffs agreement to a no-rehire provision in this case is unlike the circumstances in the case cited by Plaintiffs, *Golden v. California Emergency Physicians Med. Grp.*,   782 F.3d 1083 (9th Cir. 2015). In the *Golden* case, the plaintiff, a doctor, worked in an emergency room. The defendant dominated emergency medicine within the State and had aggressive plans to expand its geographical footprint, including acquiring hospitals and clinics. The court found that if the agreement was enforced, it had the possibility of precluding the doctor from working in his medical specialty; not only could he not seek re-employment with the defendant; but the terms of the agreement also allowed the defendant to "terminate" the doctor

when it acquired an interest in any facility where he might work, including the many hospitals and clinics likely to be acquired. The court remanded the case instructing the district court to "determine in the first instance whether the no-employment provision constitutes a restraint of a substantial character to Dr. Golden's medical practice."

10.     Plaintiffs fail to show how the facts in this case compare with those of the *Golden* case or how a no-rehire provision in this case could constitute a "restraint of a substantial character," perhaps because the facts are so dissimilar. Unlike the defendant in the *Golden* case, Circle Bar A certainly does not dominate its field.  In light of the fact that in 2015 Circle Bar A eliminated the sand coordinator position held by Plaintiffs, a no-rehire provision in this case can hardly be said to constitute any restraint to Plaintiffs' sand coordinator practice, much less a substantial restraint.

Defendant requests that the court find that the negotiated terms of the settlement agreement include a no future involvement provision, precluding Plaintiffs from seeking employment with the Defendant, and that the Court enforce the settlement agreement accordingly.

Respectfully submitted,
HOLLAND & HOLLAND, LLC
North Frost Center
1250 N.E. Loop 410, Suite 808
San Antonio, Texas   78209
Telephone:   (210) 824-8282
Facsimile:   (210) 824-8585

BY _____

Michael L. Holland
State Bar No. 09850750
mholland@hollandfirm.com
Inez M. McBride
State Bar No. 13331700
imcbride@hollandfirm.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing instrument has been properly

delivered pursuant to the *Federal Rules of Civil Procedure*, on the ___27___ day of

May _____, 2016, to the following counsel of record:

> Richard J. (Rex) Burch
> David Moulton
> Matthew S. Parmet
> Bruckner Burch PLLC
> 8 Greenway Plaza, Suite 1500
> Houston, Texas   77046
>
> Michael A. Josephson
> Andrew Dunlap
> Fibich, Leebron, Copeland, Briggs & Josephson
> 1150 Bissonnet
> Houston, Texas   77005

Michael L. Holland
Inez McBride

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT CANTU, JR., Individually and<br>For Others Similarly Situated<br>*PLAINTIFF* | §<br>§<br>§<br>§ | |
| v. | §<br>§<br>§ | CIVIL ACTION NO. 5:15-cv-0468 |
| CIRCLE BAR A., INC.<br>*DEFENDANT* | §<br>§<br>§ | COLLECTIVE ACTION |

## DECLARATION OF CHARLES METZGER

**I Charles Metzger declares the following to be true and correct:**

1. My name is Charles Metzger. I have been working for CFR Specialist providing consulting services to Circle Bar A since 2011. In providing consulting services on various business matters, including matters relating to its sand coordinators, I have been provided with information relating to Circle Bar A's business and the sand coordinator's work. The facts contained in this declaration are within my personal knowledge and are true and correct.

2. I have personally observed the work performed by the sand coordinators and the amount of work Circle Bar A has and has had for sand coordinating work. By March 2015, Circle Bar A's sand coordinating work had dropped off due to the down turn in the oil prices. Circle Bar A's management continued to hope that this was a temporary downturn, however, the work continued to drop off.

3. In November 2015, at the request of Circle Bar A's management, I informed the sand coordinators that the sand coordinating positions were being eliminated. I offered the sand coordinators continued employment at Circle Bar A in various positions that were available. I offered each an hourly rate of pay based on the position being offered. Because the individuals all now hold non-exempt positions, they are paid hourly, with overtime if they work more than 40 hours in a workweek.

4. I am familiar with Circle Bar A's competition. There are few sand coordinating jobs in the industry now. Sadly, sand coordinators, like many in the oil and gas industry, have had to search for jobs in other areas.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 13 day of January 2016.

_____
Charles Metzger

1



UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT CANTU, JR., Individually and<br>For Others Similarly Situated<br>PLAINTIFF | § § § § | |
| v. | § | CIVIL ACTION NO. 5:15-cv-0468 |
| | § § | |
| CIRCLE BAR A., INC.<br>DEFENDANT | § § | |

## ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND ORDER ENFORCING SETTLEMENT PURSUANT TO DEFENDANT'S REQUEST

Came on this day to be heard Plaintiff's Motion to Enforce Settlement Agreement and Defendant's Response to Plaintiff's Motion to Enforce Settlement Agreement. The Court, having considered Plaintiff's Motion and Defendant's Response, is of the opinion that the negotiated terms of the settlement agreement include a no future involvement provision, precluding Plaintiffs from seeking employment with the Defendant, and enforce the settlement agreement accordingly. Therefore Plaintiff's Motion to Enforce Settlement Agreement is DENIED.

It is, therefore, ORDERED that the settlement agreement signed by the parties will contain a no future involvement provision precluding Plaintiffs from seeking employment with the Defendant.

SIGNED and ENTERED on _____.

_____
UNITED STATES DISTRICT JUDGE